IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYKER WILLIAM SCHENCK,<br><br>    Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondents.<br>_____/ | No. C 11-0448 CW (PR)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; TERMINATING ALL PENDING MOTIONS |

    Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 31, 2011, at which time he was incarcerated at the Marin County Jail and had been charged with a criminal offense but had not been convicted. (Docket no. 1.) Thereafter, he filed an amended petition in which he states that he plead guilty to charges of shooting into an inhabited dwelling, in violation of California Penal Code § 46, and that he currently is serving a sentence of five and one-half years for that conviction. (Docket no. 5.) According to Petitioner's most recent filing in this matter on May 11, 2011, he is now incarcerated at Delano State Prison. (Docket no. 11.)

    The allegations in the habeas petition are difficult to decipher. It appears, however, that Petitioner claims his conviction is unlawful due to a lack of sufficient evidence. Additionally, Petitioner appears to claim that the Marin County Superior Court wrongly entered a default judgment against him in a separate civil action. Petitioner states that he sought to appeal

the latter judgment, but the appeal was dismissed by the California Court of Appeal on procedural grounds. Petitioner does not state that he has appealed, or otherwise sought collateral review of, his criminal conviction.

Individuals in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

The Court concludes from the allegations in the original and amended petitions herein that Petitioner has not exhausted his state remedies with respect to a challenge to the validity of his conviction. As noted, at the time Petitioner filed his original petition he had not yet been convicted; consequently, state remedies challenging his conviction could not have been exhausted at that time. Additionally, Petitioner filed his amended petition challenging his conviction less than three weeks after he filed his original petition, and he makes no mention in the amended petition of having sought appellate or collateral review of his conviction in any state court. Because Petitioner's claims for habeas relief

2

have not been presented to any state court for review, the instant petition must be dismissed as unexhausted. This dismissal is without prejudice to a new federal habeas petition being filed after state remedies have been exhausted.

Further, this Court is without jurisdiction to review Petitioner's claim regarding the alleged invalidity of the default judgment entered against him in a state court civil proceeding. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983) (holding that under Rooker-Feldman doctrine lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants therefore may obtain federal review only by filing a petition for a writ of certiorari in the Supreme Court of the United States).

Accordingly, for the foregoing reasons, the petition is DISMISSED without prejudice.

Petitioner's application for leave to proceed in forma pauperis is GRANTED.

The Clerk of the Court shall enter judgment, close the file, and terminate any pending motions.

IT IS SO ORDERED.

DATED: 9/7/2011

_____
CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RYKER WILLIAM SCHENCK,

    Plaintiff,

v.

PEOPLE OF STATE OF CA et al,

    Defendant.

Case Number: CV11-00448 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ryker William Schenck A64869
San Quentin State Prison
San Quentin, CA 94974

Dated: September 7, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4